IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN CONNOLLY SR., MICHAEL MCDONALD, and DIGITAL ATTIC, INC.<br>    Plaintiffs<br><br>VS.<br><br>JOSHUA FINANCIAL SERVICES, INC., a Texas Corporation, ARCHER D. BONNEMA, JACOB BONNEMA, and THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a New York Corporation<br>    Defendants<br><br>VS.<br><br>THE MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN and MILLENNIUM MARKETING GROUP, L.L.C.<br>    Third-Party Defendants | § § § § § § § § § § § § § § § § § § § § § § § | CA No. 3:07-CV-0228-K |

**DEFENDANT GUARDIAN'S AMENDED THIRD-PARTY
COMPLAINT AGAINST THE MILLENNIUM
MULTIPLE EMPLOYER WELFARE BENEFIT PLAN AND
MILLENNIUM MARKETING GROUP, L.L.C.**

Defendant The Guardian Life Insurance Company of America ("Guardian"), files this Amended Third-Party Complaint against The Millennium Multiple Employer Welfare Benefit Plan ("Millennium Plan") and Millennium Marketing Group, LLC, ("Millennium Marketing") and in support thereof would show as follows:

### I. The Parties

1.   Defendant/Third-Party Plaintiff Guardian is a New York mutual life insurance company with its principal place of business in New York.

1

2. Third-Party Defendant Millennium Plan is a welfare benefit plan and a Mississippi taxable trust domiciled in Norman, Oklahoma. The Millennium Plan operates and does business in Dallas Texas. The Plan has appeared and answered herein.

3. Third-Party Defendant Millennium Marketing is the sponsor and purported owner of the Millennium Plan. Millennium Marketing promotes, markets, teaches about and facilitates enrollment in and administration of the Millennium Plan. Millennium Marketing is a Mississippi limited liability company whose principal place of business is located at 2777 Allen Parkway, Suite 1122, Houston, Texas. It does business in Dallas, Texas. Millennium Marketing has appeared and answered herein.

## II. Jurisdiction and Venue

4. This Court has jurisdiction over this third-party action based on the following alternative jurisdictional bases: (1) supplemental jurisdiction under 28 U.S.C. § 1367, because the claims herein are so related to the claims in the complaint that they form part of the same case or controversy; and/or (2) 28 U.S.C. § 1331 and 29 U.S.C. § 1001 *et seq.* because the claims herein arise in connection with an employee benefit plan. Personal jurisdiction is proper in this Court, as both Third-Party Defendants conduct business in the State of Texas. Venue is proper in this district under 29 U.S.C. § 1132(e)(2).

## III. Facts

5. Third-Party Defendant Millennium Plan is a multiple employer welfare arrangement, as that term is defined by 29 U.S.C. §1002 (40)(A) of the Employee Retirement Income Security Act ("ERISA"). It is comprised of and funded by participating employers, including Plaintiff Digital Attic, Inc. The Millennium Plan,

through its trustee, Republic National Bank of Norman, Oklahoma, holds assets on behalf of employee participants such as Plaintiffs John Connolly and Michael McDonald, and purports to provide certain welfare benefits to those employee participants, pursuant to the terms of the Millennium Plan. Plaintiffs refer to the Millennium Plan in their petition as "Multiple Employer Benefit Trust" or "MEBT".

6. In November 2004, Third-Party Plaintiff Guardian issued two whole life insurance policies, no. 4047192 and no. 4046934, to the trustee of the Millennium Plan, Republic Bank and Trust of Norman, Oklahoma ("the Policies"). Premiums for the Policies were paid to Guardian by the trustee of the Millennium Plan. Although McDonald and Connolly were the insureds under the Policies, <u>they are neither the owners nor the beneficiaries of the Policies.</u> The Policies are owned by Republic Bank and Trust as trustee of the Millennium Plan. Nor are the Policies held by the Millennium Plan on behalf of Connolly, or McDonald, or Digital Attic. The Policies are instead held by the Millennium Plan to fund benefits for different classes of rating groups. Each rating group consists of numerous employees of several different employers.

7. Plaintiffs have made various state law tort claims against Guardian, for fraud, misrepresentation, fraudulent concealment, civil conspiracy, and violations of the Texas Insurance Code. They have also made an equitable claim of unjust enrichment and seek equitable relief in the form of a constructive trust. Plaintiffs allege that these claims arose when they sought and were denied certain benefits under the Millennium Plan (hereafter "the Disputed Plan Benefits") that were allegedly promised to them by the individuals who assisted in the purchase of the Policies.

3

8.   Although Guardian denies the Plaintiffs' allegations, the Disputed Plan Benefits, if available at all, would only have been available by virtue of the structure and terms of the Millennium Plan and any such benefits would therefore be available only from the Millennium Plan.

9.   In addition and alternatively, although Guardian denies the Plaintiffs' allegations, any information about the Disputed Plan Benefits that would have been communicated to the Plaintiffs would only have come from the Millennium Plan and/or its agents, including Millennium Marketing.

10.   In addition and alternatively, although Guardian denies the Plaintiffs' allegations, if co-Defendants Archer Bonnema and Jacob Bonnema made the alleged representations to the Plaintiffs about the Disputed Plan Benefits, they were acting as agents of the Millennium Plan and/or Millennium Marketing in doing so, and not as agents of Guardian.

### IV. Contribution and Indemnity

11.   Defendant/Third-Party Plaintiff Guardian files this third-party petition seeking contribution and indemnity pursuant to ERISA and federal common law or, alternatively, state law.

12.   A third-party plaintiff may bring into the suit any third party that is or may be liable to the plaintiff or the third-party plaintiff for all or part of the plaintiff's claims.

13.   Although Guardian denies Plaintiffs' allegations and denies that Plaintiffs are entitled to any relief against Guardian, to the extent it is determined that Plaintiffs' state law claims against Guardian are preempted by ERISA and that Guardian is liable to Plaintiffs because it was a fiduciary of the Millennium Plan, a status that Guardian also

denies, Guardian seeks contribution, indemnity, and other appropriate equitable relief against the Millennium Plan and Millennium Marketing pursuant to 29 U.S.C. § 1132(a)(3) and federal common law on one or more of the following grounds: (a) the Disputed Plan Benefits, if available at all, would only have been available by virtue of the structure of the Millennium Plan and any such benefits would therefore be available only from the Millennium Plan; (b) any information about the Disputed Plan Benefits that would have been communicated to the Plaintiffs would only have come from the Millennium Plan and/or its agents, including Millennium Marketing; and/or (c) the individuals who allegedly made representations to Plaintiffs about the Disputed Plan Benefits were acting as agents of the Millennium Plan and/or Millennium Marketing.

14. Alternatively, although Guardian denies Plaintiffs' allegations and denies that Plaintiffs are entitled to any relief against Guardian, to the extent Guardian is found liable to the Plaintiffs, Guardian seeks contribution, indemnity, and other appropriate relief against the Millennium Plan and Millennium Marketing under applicable state law, including damages, on one or more of the following grounds: (a) the Disputed Plan Benefits, if available at all, would only have been available by virtue of the structure of the Millennium Plan and any such benefits would therefore be available only from the Millennium Plan; (b) any information about the Disputed Plan Benefits that would have been communicated to the Plaintiffs would only have come from the Millennium Plan and/or its agents, including Millennium Marketing; and/or (c) the individuals who allegedly made representations to Plaintiffs about the Disputed Plan Benefits were acting as agents of the Millennium Plan and/or Millennium Marketing.

15. To the extent that there is any conflict between Guardian's right to contribution and Guardian's right to indemnification, Guardian seeks indemnification.

WHEREFORE, PREMISES CONSIDERED, Guardian prays that it be awarded judgment against the Millennium Plan and against Millennium Marketing for contribution and/or indemnity and for such other and further relief, both at law and in equity, to which it may justly be entitled.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: /s/ Karan C. Ciotti
    Karan C. Ciotti
    State Bar No. 05226300
    Jeffrey A. Davis
    State Bar No. 05508200
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

Penny Hobbs
State Bar No. 09738900
MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
600 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 495-6000
Facsimile: (512) 495-6093

ATTORNEYS FOR DEFENDANT THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

      I hereby certify that a true and complete copy of the above and foregoing Defendant Guardian's Amended Third Party Complaint Against the Millennium Multiple Employer Welfare Benefit Plan and the Millennium Marketing Group, LLC, has been sent via facsimile and via certified mail, return receipt requested on this the 12th day of April 2007, to the following:

Anthony L. Vitullo
Zach T. Mayer
Fee, Smith, Sharp & Vitullo, L.L.P.
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
ATTORNEYS FOR PLAINTIFFS
JOHN CONNOLLY SR., MICHAEL MCDONALD, AND DIGITAL ATTIC, INC.

John L. Malesovas
Malesovas & Martin, L.L.P.
P.O. Box 1709
Waco, Texas 76703-1709
ATTORNEYS FOR PLAINTIFFS
JOHN CONNOLLY SR., MICHAEL MCDONALD, AND DIGITAL ATTIC, INC.

Kathleen R. Barrow
Jackson Lewis, LLP
500 Jefferson Street, Suite 2000
Houston, Texas 77002
ATTORNEYS FOR DEFENDANT
THE MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN AND MILLENNIUM MARKETING GROUP, L.L.C.

Rick Fancher
Barker, Leon & Fancher, L.L.P.
Tower II, Suite 1200
555 N. Carancahua
Corpus Christi, Texas 78478
ATTORNEYS FOR DEFENDANT
JACOB BONNEMA

Jeffery C. Mateer
Randal C. Shaffer
Mateer & Shaffer, L.L.P.
1300 Republic Center
325 N. St. Paul Street
Dallas, Texas 75201
ATTORNEYS FOR DEFENDANTS
JOSHUA FINANCIAL SERVICES, INC. AND ARCHER D. BONNEMA

_/s/ Karan C. Ciotti_
Karan C. Ciotti